## 29549. HADDEN v. ROBBINS.

NICHOLS, Chief Justice.

This appeal is from a judgment returning custody of a minor child (under the age of 14) to his mother.

The mother had obtained legal custody of her two minor children in a divorce proceeding between the parents. She subsequently remarried. The child whose custody is in dispute in this proceeding voluntarily left the home of his mother and stepfather and went to the home of his father. The mother filed application for writ of habeas corpus against the father seeking a return of the child to her. The father filed a counterclaim alleging a change of circumstances and seeking to obtain custody of the child.

There was evidence for the father to indicate that the mother's home had been disrupted since the stepfather had obtained custody of two of his children by a former marriage; that the stepfather had severely punished the child whose custody is here involved; and that it was because of the child's fear of the punishment of his stepfather that he ran away from his mother's home and came to his father.

The mother's evidence, on the contrary, indicated that the stepfather had a good relationship with his stepchildren; that he participated in many activities with them; and that he did not discipline them in an abusive manner.

On this conflicting evidence the trial judge did not abuse his discretion in returning the child to the custody of his mother.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JANUARY 15, 1975 — DECIDED JANUARY 29, 1975 — REHEARING DENIED FEBRUARY 11, 1975.

*Leiden & CoCroft, Terrance Patrick Leiden,* for appellant.

*Harris, Chance & McCracken, Albert Pickett,* for appellee.

JORDAN, Justice, dissenting.

There can be no question that under the facts of this case there was a material change of conditions so as to authorize a change of custody. In my opinion the trial court abused its discretion in not allowing this child to remain with his natural father, to whom he had voluntarily fled from the alleged cruel treatment by his stepfather.

It is my further opinion that in the light of modern times when most children are capable of reaching mature judgment earlier in their lives that the General Assembly should lower from 14 years to 12 years the age at which a child shall have the right to select the parent with whom he prefers to live. Code Ann. § 74-107. The facts of this case amply support the wisdom of such a change.